<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ALBERT FAUST | : | |
| | : | Civ. No. 05-748(DRD) |
| Plaintiff, | : | |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| LYDELL SHERRER | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

Albert Faust 429079
Lock Bag R
Rahway, New Jersey 07065
  Petitioner, Pro Se

Zulima V. Farber, Esq.
Attorney General of New Jersey
Attorney for Respondent
By: Linda K. Danielson, Esq.
Deputy Attorney General
Division of Criminal Justice
Appellate Bureau
P.O. Box 086
Trenton, New Jersey 08625
  Attorney for Respondent

**Debevoise, Senior District Judge**

  Petitioner, Albert Faust, an inmate at Northern State Prison, Newark, New Jersey, challenges his confinement on the ground that he is serving a sentence imposed by the New Jersey courts that is consecutive to a sentence imposed by the Commonwealth of Pennsylvania allegedly in violation of his federal constitutional rights.

  The Pennsylvania proceedings will be briefly described. On April 16, 1991 after a six-

day bench trial, in the Pennsylvania trial court petitioner was convicted of rape, indecent assault, attempted homicide and aggravated assault. On April 23, 1992 petitioner was sentenced to four to twelve years imprisonment for aggravated assault and three to ten years, to be served concurrently, for rape. The indecent assault and criminal attempt charges merged for sentencing purposes. Petitioner appealed.

Pending disposition of the appeal petitioner filed a pro se petition alleging in general the ineffectiveness of the representation by his attorney O'Hara. The court treated the petition as a post conviction relief application ("PCRA") and dismissed it without a hearing on July 28, 1992. Thereafter the Pennsylvania Superior Court affirmed petitioner's conviction.

On January 8, 1997 petitioner filed a pro se PCRA petition. The court appointed an attorney to represent petitioner, but no further action transpired until April 19, 2000 when the court appointed another attorney to represent petitioner. The new attorney filed an amended PCRA petition on September 13, 2000, alleging various instances of ineffectiveness of counsel. In response to a Commonwealth motion the court dismissed the PCRA petition without a hearing, and petitioner appealed.

On appeal the Superior Court noted that, petitioner had until January 16, 1997 to file a timely first petition and that there was no provision for a grace period for the filing of a second petition. Because the trial judge, the Commonwealth and petitioner characterized the petition as petitioner's second petition, the Superior Court held that he was not entitled to the grace period extending the filing date to January 16, 1997, and his petition was properly dismissed. The Court affirmed the order of dismissal by order dated June 19, 2002.

Petitioner had completed his sentence on February 19, 2002 from State Correctional

Huntingdon (Pennsylvania).

Earlier petitioner had been involved in criminal proceedings in New Jersey. He was indicted on November 23, 1988, for drug offenses committed in that state on September 13, 1988. His pretrial suppression motion was denied on February 28, 1989. He failed to appear for trial on April 23, 1991 and a bench warrant was issued. There then took place his April 1991 conviction and sentence in Pennsylvania described above.

The Pennsylvania authorities released petitioners for trial in New Jersey on the drug offense. After a November 30, 1992, to December 3, 1992, trial petitioner was convicted, and on January 8, 1993 he was sentenced to a term of eighteen years with a parole disqualifier of nine years to be served consecutively to the Pennsylvania sentence petitioner was then serving. Upon completion of he Pennsylvania sentence on February 19, 2002, petitioner was returned to the New Jersey Authorities to complete his New Jersey sentence. Since that date he has been confined in a New Jersey State prison and was housed at Northern State Prison when he filed his petition for habeas corpus on February 2, 2005.

Petitioner has asserted no claims that the New Jersey conviction for which he is now incarcerated violates any rights he may have under the Constitution or laws of the United States. His quarrel is solely with the criminal proceedings that took place in Pennsylvania and on account of which he has served his sentence. As petitioner stated in a communication to the court:

> I filed a writ of habeas corpus of a Pennsylvania case. In 1997 I filed a PCRA and 3-years later the court appointed lawyer was fired and I was given a new lawyer. The 3-year lawyer did nothing. The new lawyer picked 3 issues and did not put my good issues before the court. I refused to sign the lawyers amended PCRA and protested it in open court to the PCRA court.

3

> Because of this lawyers actions my issues were not heard. The 3 issues he put before the court the court were denied, without a hearing. He appealed with no luck. As soon as he gave me noticed, I file a PCRA citing his ineffectiveness for not using the issues in my PCRA, and not researching and outlining my issues with legal argument, after I gave him case law supporting them. He refused to help me obtain expert witnesses to support my issues, stating the court would not approve it for cost.
>
> Now, the court dismissed this PCRA because I maxed-out my Pennsylvania sentence. At the time I filed it I did not have my notes because the state prison reception center in New Jersey had forced me to send home a lot of my legal papers and notes. So I did not have the case law I needed to cite; Garlotte v. Fordice, 115 S.Ct. 1948.
>
> So, because of PCRA counsel my issues have never been put before the court.

This court, however, does not have jurisdiction to entertain his challenges to the Pennsylvania conviction of April 23, 1992. He was not in custody on the Pennsylvania conviction when he filed his habeas petition. Because he is no longer serving the Pennsylvania sentence, no federal court can entertain a habeas petition directed at the underlying conviction. Lackawanna County District Attorney v. Coss, 532 U.S. 394, 401 (2001). At the time his habeas petition is filed a petitioner must be in custody pursuant to the conviction or sentence he seeks to attack. Young v. Vaughn, 83 F. 3d 72, 73 (3d Cir. 1996).

Petitioner contends that, notwithstanding these and similar cases, the court does in fact have jurisdiction because he is serving a sentence consecutive to the Pennsylvania sentence and that he should be deemed to be "in custody" under the Pennsylvania sentence as well as the New Jersey sentence. He relies on Garlotte v. Fordice, 515 U.S. 39 (1995) to support this position.

In that case a habeas petitioner was sentenced by a Mississippi trial judge to serve consecutive sentences - a three-year sentence for marijuana possession, followed by two concurrent life terms for murder. The habeas petition challenging the marijuana sentence was

filed after the petitioner had completed that sentence and had begun serving the life terms. Reversing the Fifth Circuit Court of Appeals, which had dismissed the petition because the petitioner was no longer "in custody," the Supreme Court held that the consecutive sentences the habeas petitioner was serving were to be viewed in the aggregate. Thus the petitioner was considered to be still "in custody" on the marijuana convictions, as the petitioner's prison time could (theoretically) be shortened if those convictions were found to be unconstitutional.

The present case is clearly distinguishable from Garlotte. Here the convictions were imposed by separate sovereigns. Even if the Pennsylvania conviction were found to be constitutionally defective, that finding would have no effect whatsoever on the length of the sentence petitioner is now serving. Thus under no conceivable rationale could he be deemed to be "in custody" on the Pennsylvania conviction.

Petitioner does not meet the requirement of 28 U.S.C. § 2254(a) which provide that a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State Court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. Petitioner is not in custody in violation of the Constitution or laws or treaties of the United States. He is in custody pursuant to a judgment of a New Jersey court, the validity of which he does not challenge. Consequently the petition must be dismissed with prejudice and without a certificate of appealability. The court will file an appropriate order implementing this opinion.

Dated: July 13, 2006

                                                                           /s/ Dickinson R. Debevoise
                                                                           DICKINSON S. DEBEVOISE
                                                                                 U.S.S.D.J.